NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231186-U

NO. 4-23-1186

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 4, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| LaQUADIA LYNN. EDWARDS, | ) | Appeal from the |
|     Petitioner-Appellee, | ) | Circuit Court of |
|     v. | ) | Rock Island County |
| ANTOINETTE RACHELLE. GOODEN, | ) | No. 23OP1051 |
|     Respondent-Appellant. | ) | |
| | ) | Honorable |
| | ) | Michelle S. Fitzsimmons, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Harris and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's entry of a plenary stalking no contact order is affirmed where
respondent failed to provide a sufficiently complete appellate record or comply with
Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020).

¶ 2    Respondent, Antoinette Rachelle. Gooden, *pro se*, appeals the trial court's entry of

a two-year, plenary stalking no contact order, which prohibited her from contacting petitioner,

LaQuadia Lynn. Edwards, or going to her home or workplace. On appeal, respondent argues the

court erred in entering the plenary order and it should therefore be vacated. Although an appellee's

brief has not been filed, we may consider this appeal under the principles set forth in *First Capitol

Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976). We affirm.

¶ 3                                I. BACKGROUND

¶ 4    The record on appeal does not contain a report of proceedings, a bystander's report,

or an agreed statement of facts of the trial court proceedings. See Ill. S. Ct. R. 323(a), (c), (d) (eff.

July 1, 2017) (permitting a bystander's report or an agreed statement of facts in lieu of a report of proceedings). The following facts appear only in the common law record.

¶ 5         On September 7, 2023, petitioner filed a *pro se* verified petition for a stalking no contact order against respondent pursuant to the Stalking No Contact Order Act (740 ILCS 21/1 *et seq.* (West 2022)). Petitioner alleged that respondent (1) gained access to petitioner's e-mail account and messaged another individual and (2) sent threatening text messages to petitioner on multiple occasions. That same day, the trial court entered an emergency stalking no contact order, prohibiting respondent from contacting petitioner or going to her home or workplace. The emergency order was effective until September 21, 2023.

¶ 6         On October 12, 2023, the trial court entered a written plenary stalking no contact order, which prohibited respondent from contacting petitioner or going to her home or workplace. The court's plenary order was to remain effective until October 12, 2025.

¶ 7         This appeal followed.

¶ 8                                II. ANALYSIS

¶ 9         On appeal, respondent argues the trial court erred in entering the plenary stalking no contact order and the order should thus be vacated. Because the appellate record is incomplete and respondent's brief fails to comply with our supreme court rules, we affirm the court's judgment.

¶ 10         The burden is on the appellant to provide the reviewing court with a sufficiently complete record of the proceedings below to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Where the record is incomplete, we will presume the order entered by the trial court was proper and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. Further, any doubts

arising "from the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 392.

¶ 11         Here, there was no record of proceedings filed, nor a bystander's report or an agreed statement of facts as authorized under Illinois Supreme Court Rule 323 (eff. July 1, 2017). Respondent's recollection of the plenary hearing in her brief is not an adequate substitute for a proper record. See *Vance v. Joyner*, 2019 IL App (4th) 190136, ¶ 82 ("[A] party's factual assertions in an appellate brief cannot serve as a substitute for a proper record." (Internal quotation marks omitted.)). Without a transcript or bystander's report of the trial court proceedings, we are unable to review the question of whether the court committed an error in entering the plenary stalking no contact order. Since there is no record to show the reasons given by the court for entering the plenary order, we presume the court followed the law and it had a sufficient factual basis for its order. See *Foutch*, 99 Ill. 2d at 392.

¶ 12         As a further impediment to our review, respondent's brief cites no cases and is almost entirely devoid of any legal analysis. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (requiring the appellant to cite the authorities and pages of the record relied on). Moreover, the record citations in her brief do not correspond with the common law record, which is the only record we have on appeal. We impress on respondent that "[a]ppellate courts are not depositories where litigants may dump the burden of argument and research," and this court is "entitled to have the issues clearly defined and a cohesive legal argument presented." *In re Marriage of Hundley*, 2019 IL App (4th) 180380, ¶ 82. "Bare contentions in the absence of [legal] argument or citation of authority do not merit consideration on appeal." (Internal quotation marks omitted.) *Hollenbeck v. City of Tuscola*, 2017 IL App (4th) 160266, ¶ 27; see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("[P]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on

petition for rehearing."). Respondent is not excused from compliance with our supreme court rules merely because she chose to pursue her appeal *pro se*. See *Evans v. Godines*, 2014 IL App (4th) 130686, ¶ 40. Therefore, even if respondent had presented a sufficiently complete record, we would find her arguments forfeited due to the deficiencies in her brief.

¶ 13                                         III. CONCLUSION

¶ 14            For the reasons stated, we affirm the trial court's judgment.

¶ 15            Affirmed.